**SO ORDERED.**

**SIGNED this 22 day of November, 2005.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE EASTERN DISTRICT OF TENNESSEE
### SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | No. 05-12204 |
| **WILLIAM McKINLEY PRICE,** | ) | |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| | ) | |
| **SONNY FRYAR,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adv. No. 05-1135 |
| | ) | |
| **WILLIAM McKINLEY PRICE,** | ) | |
| | ) | |
| Defendant | ) | |

### M E M O R A N D U M

1

This adversary proceeding is before the court on the motion for judgment on the pleadings that the plaintiff filed on October 27, 2005. The plaintiff filed the complaint initiating this proceeding on July 22, 2005, asserting that the defendant's liability to the plaintiff is nondischargeable under § 523(a)(6) of the Bankruptcy Code. That liability arises out of the defendant's physical assault on the plaintiff, and is evidenced by a judgment entered in the Circuit Court of Hamilton County in the amount of $150,000 compensatory damages, plus $150,000 punitive damages. In Tennessee, judgments not based on a writing generally accrue interest at the rate of 10% *per annum*. Tenn. Code Ann. § 47-14-121. On September 16, 2005, the defendant filed an answer admitting that the principal amount of the judgment is nondischargeable, but asserting that interest accruing on the judgment is dischargeable. Thus, the dischargeability of the "interest" component of the debt is the sole issue before the court.

In *Cohen v. de la Cruz*, 523 U.S. 213, 118 S. Ct. 1212 (1998), the Supreme Court construed the "fraud" exception to discharge to include "all liability arising from fraud," including a treble damage awards, attorney's fees, and court costs. *Id.*, 523 U.S. at 222, 223. "Once it is established that specific money or property has been obtained by fraud, however, 'any debt' arising therefrom is excepted from discharge." *Id.* at 218. The language of § 523(a)(6) is indistinguishable in this respect: just as a nondischargeable debt for fraud includes any debt arising from the fraud, a nondischargeable debt for willful and malicious injury includes any debt arising from the injury. *E.g.*, *Bertola v. N. Wis. Produce Co. (In re Bertola)*, 317 B.R. 95, 99-100 (B.A.P. 9th Cir. 2004); *Pettey v. Belanger*, 232 B.R. 543, 547-48 (D. Mass. 1999); *DirecTV, Inc. v. Karpinsky (In re Karpinsky)*, 328 B.R. 516, 527 (Bankr. E.D. Mich. 2005).

2

Although *Cohen* did not specify that interest was includable in the nondischargeable debt, its language ("*all liability* arising from fraud") was clearly broad enough to encompass interest, and other courts have so held. *Aetna Cas. & Sur. Co. v. Markarian (In re Markarian)*, 228 B.R. 34, 44-45 (B.A.P. 1st Cir. 1998); *Metro. Real Estate Corp. v. Gard (In re Gard)*, 327 B.R. 372, 377-78 (Bankr. N.D. Ind. 2003); *Ullman v. Boyer (In re Boyer)*, Ch. 7 Case No. 98-34241S, Adv. No. 98-3112, 1999 WL 33954735, at *15 (Bankr. E.D. Va. Aug. 24, 1999); *Novartis Corp. v. Luppino (In re Luppino)*, 221 B.R. 693, 703 (Bankr. S.D.N.Y. 1998). Accordingly, the plaintiff is entitled to a determination that 11 U.S.C. § 523(a)(6) applies to the entirety of the defendant's debt, including interest on the judgment.

For the foregoing reasons, the court will enter a separate order granting judgment for the plaintiff determining that the entirety of his state court judgment against the defendant is not dischargeable in bankruptcy.

# # #